UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    JAMES R. BOYLE
    SHIRLEY R. BOYLE                         08-14510 B

                   Debtors               <u>DECISION & ORDER</u>
------------------------------------------------------

                        DIANA G. ADAMS
                        UNITED STATES TRUSTEE/REGION 2
                        Jill M. Zubler, Trial Attorney
                        42 Delaware Avenue, Suite 100
                        Buffalo, New York 14202

                        Law Office of Melissa A. Tocha, Esq.
                        Raymond C. Stilwell, Esq., of Counsel
                        17 Beresford Court
                        Williamsville, New York 14221
                        Attorney for the Debtors

Bucki, Chief U.S.B.J., W.D.N.Y.

     The Office of the United States Trustee has moved under 11 U.S.C. §707(b) to dismiss this bankruptcy case, on grounds that the granting of relief to the debtors would abuse the provisions of Chapter 7 of the Bankruptcy Code. At issue is whether such an abuse would arise from circumstances where the acquisition and retention of a luxury good has impaired the ability of debtors with modest income to pay their other unsecured obligations.

     On September 25, 2001, at a time when they had no significant debt, James and Shirley Boyle purchased a 28-foot 2000 Maxum boat for $70,520. As part of that transaction, they traded-in a 21-foot boat valued at $27,000. After discharging an outstanding lien of $25,500, they received a net trade-in credit of $1,500. Mr. and Mrs. Boyle then made an additional down payment of $6,020. To finance the remaining balance of approximately $63,000, the Boyles executed a retail

installment contract with M&T Bank.  Effectively, therefore, they more than doubled the amount of their collateralized indebtedness.  Pursuant to the retail installment contract, they agreed to make 240 monthly payments each in the amount of $513.48.

James and Shirley Boyle have remained current on their boat payments, but with adverse consequences for other financial obligations.  Starting in 2002, they began to accumulate unpaid balances on eight credit cards.  Altogether, these credit card balances totaled $67,659.45 as of October 10, 2008.  It was on that date that Mr. and Mrs. Boyle filed a petition for relief under Chapter 7 of the Bankruptcy Code.

In schedules filed with their bankruptcy petition, the debtors indicate ownership of three significant assets: the boat, a 1980 Schult Mobile Home with an estimated value of $20,000, and an automobile having an estimated value of $4,000.  Although the mobile home is situated on a rented parcel of real estate, it serves as the debtors' principal residence and has been claimed as a fully exempt homestead.  The debtors have also claimed an exemption for $2,400 of value in the automobile, which is not otherwise encumbered.  The schedules also report, as of the petition date, that the boat had depreciated to a value of $37,500 and that it was still encumbered by a remaining loan balance of more than $52,000. Overall, except for some small value in the automobile, the debtors' assets would compel no significant distribution in Chapter 7.  Consistent with these facts, the case trustee issued a "no asset" report on November 8, 2008.

At the time of the bankruptcy filing, James Boyle was retired and derived his entire income from social security and a pension.  Also receiving social security, Shirley Boyle held a part time job from which she earned an average net take-home pay of $111.41.  From all sources, as reported on amended bankruptcy schedules,

Mr. and Mrs. Boyle enjoyed a combined average monthly income of $3,851.24. On a monthly basis, they spend $513.48 toward repayment of their boat loan, $41.50 on boat insurance, and $250 on additional boating expenses. Thus, their average monthly boating expenses total $804.98, or more than twenty percent of their average monthly income.

Within the time allowed by 11 U.S.C. §524(c), James and Shirley Boyle signed an agreement to reaffirm their obligations under the boat loan with M&T Bank. Thus, even while seeking a discharge of their other obligations, the debtors chose to retain their boat and to pay a boat loan that exceeds the value of the collateral. At about the same time, the Office of the United States Trustee conducted a review and obtained an order extending the time to object to discharge. Then, on March 31, 2009, the United States Trustee moved to dismiss this case for abuse. Arguments on that motion were heard on April 27.

The United States Trustee contends that the totality of circumstances reveals that a discharge in Chapter 7 would constitute an abuse of the bankruptcy process. In support of this conclusion, the trustee notes that the debtors' obligations are consumer debts, that these obligations were not incurred for a business purpose, and that the debtors had an ability to repay a significant portion of their unsecured obligations, but instead chose to reaffirm a luxury indebtedness. Further, the Trustee contends that dismissal is warranted by four other aggravating factors: first, that no unforeseen or catastrophic events created a need for bankruptcy relief; second, that the debtors could reduce their expenses without affecting access to adequate food, clothing, shelter and other necessities; third, that the debtors are eligible for relief under Chapter 13 of the Bankruptcy Code; and fourth, that the debtors may not need relief under Chapter 7, in that they are essentially "judgment proof" until such time as they build equity in their boat.

The debtors respond that their boating expenses do not indicate abuse, but instead reflect a permissible exercise of discretion. Further, pursuant to the 2005 amendments to the Bankruptcy Code, Congress adopted a means test to determine eligibility for bankruptcy relief. Mr. and Mrs. Boyle argue that under the means test, their bankruptcy relief will fall short of the level of abuse. Thus, they contend that the Bankruptcy Code does not compel any repayment of unsecured creditors.

Discussion

Section 707 of the Bankruptcy Code contains the statutory basis for the dismissal of a case in Chapter 7. In relevant part, subdivision (b)(1) provides as follows:

> After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7].

In the present instance, the movant is the United States Trustee, which seeks to dismiss a case filed by individuals with primarily consumer debts. Consequently, the only remaining issue is whether a discharge would represent an abuse of the bankruptcy process.

In 2005, Congress amended 11 U.S.C. §707 in two significant respects. Whereas the prior statute allowed the court to dismiss a case for "substantial abuse," subdivision (b)(1) now allows dismissal in any instance of abuse. Second, Congress added subdivision (b)(2), which states that the court shall presume an abuse under subdivision (b)(1) whenever the debtor's current monthly income exceeds the level of a means test. The Boyles correctly observe that their income falls below the amount that would compel a presumption of abuse under 11 U.S.C.

§707(b)(2).[1]  However, they err in their assertion that the means test also creates a safe haven from dismissal.  Rather, the dismissal provisions of subdivision (b)(1) stand independent from the presumption provisions of subdivision (b)(2).  Whether or not the Boyles can avoid the impact of the means test, their case will be subject to dismissal if the granting of relief would for any reason constitute an abuse.  In considering the possibility of abuse, this court must look not only to the means test, but to the "totality of circumstances" and to whether the debtors filed their petition in bad faith.  11 U.S.C. §707(b)(3).  *See Kornfield v. Schwartz (In re Kornfield)*, 164 F.3d 778, 783 (2nd Cir. 1999).

In the present instance, this court finds abuse in the debtors' attempt to use bankruptcy as a means to perpetuate rather than to correct the improvident practices that caused the debtors to default on their financial obligations.  The facts of the present case are not complex.  At a time when the debtors were solvent, they purchased a boat that they could not afford.  For awhile, the Boyles managed to finance their boating experience by using credit cards to pay ordinary living expenses.  Having now determined that they cannot afford both to service their unsecured debt and to remain current on the boat loan, the Boyles have filed a petition for relief under Chapter 7.  In order to keep their boat, however, they propose to reaffirm their obligation to M&T Bank.  Essentially, Mr. and Mrs. Boyle seek to reaffirm an undersecured boat loan, but to otherwise discharge all of their other legitimate debts.  Thus, they would perpetuate the cause of their financial problems and perhaps thereby invite the prospect of default on future obligations.

---

[1] Specifically, 11 U.S.C. §707(b)(2)((A)(i) states that "the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of – (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or (II) $10,950."  As defined in 11 U.S.C. §101(10A), current monthly income excludes the Social Security benefits that constitute a majority of the income of James and Shirley Boyle.  Meanwhile, clause (iii) reduces current monthly income by the amount due on secured obligations such as that which encumbers the debtors' boat.  Consequently, Mr. and Mrs. Boyle have incomes that easily satisfy the means test and avoid any presumption of abuse.

Moreover, in pursuing this approach, they implicitly reject a more responsible alternative, namely to surrender the boat and to redirect their boating expenses into a Chapter 13 plan providing for some meaningful repayment of allowed claims.

James and Shirley Boyle spend more than $800 per month on boating expenses. Even with these disbursements, the debtors' income and expense schedules show surplus income net of expenses in the amount of $343.32 per month. Consequently, a surrender of the boat would enable the debtors to contribute more than $1,000 per month to a plan in chapter 13. Such a plan would allow a distribution of at least 25 percent to unsecured creditors. Depending on the size of any deficiency on the boat loan, the ultimate distribution might even exceed 50 percent. The debtors showed bad faith when they rejected the opportunities for repayment through Chapter 13, and instead chose to pursue the continued enjoyment of a luxury good. Pursuant to 11 U.S.C. §707(b)(3), this bad faith warrants a finding of abuse and the dismissal of this case.

In *In re Wolniewicz*, 224 B.R. 302 (Bankr. W.D.N.Y. 1998), this court dismissed a bankruptcy petition for substantial abuse under the then applicable standard of section 707(b). Although the current statute allows for dismissal upon a lesser showing of mere abuse, *Wolniewicz* provides helpful guidance to the present dispute:

> A fundamental purpose of bankruptcy law is to afford to qualified debtors the opportunity of a fresh start. Bankruptcy, therefore, represents a solution to problems that result from either misfortune or mistake. When the use of bankruptcy becomes part of the problem, however, that use loses its legitimacy and becomes a vehicle for substantial abuse. The key distinction is whether a debtor uses bankruptcy to solve unintended difficulties, or as part of a broader scheme or device to avoid personal responsibility for one's conduct.

224 B.R. at 306.  In the present instance, Mr. and Mrs. Boyle have already agreed to reaffirm the boat loan.   Seeking thereby to sustain the cause of their financial difficulties, the debtors avoid responsibility for obligations that they would otherwise have the ability to repay.  For the same reasons that this approach would have constituted a substantial abuse, the current petition surely presents a simple abuse of the bankruptcy process.

The Boyles argue that dismissal will unjustly penalize a legitimate exercise of discretion.  They assert that the United States Trustee would probably not have challenged their petition if the debtors had incurred the same amount of secured indebtedness for the purchase of a larger home rather than a bigger boat.  In considering abuse for purposes of section 707(b), however, we must look at the luxury character of retained assets.  Reasonable housing is a necessity.  Indeed, the State of New York adopted this view when it authorized each debtor to exempt $50,000 of homestead value from bankruptcy administration.[2]  N.Y. DEBT. & CRED. LAW §282 (McKinney 2001) and N.Y.C.P.L.R. §5206 (McKinney 2007).  In contrast, the state has created no similar exemption for boats.  Used in this instance for recreational purposes only, the boat must be viewed as a luxury item.  Moreover, by imposing significant financial burdens, the retention of the boat will adversely affect the fresh start that a bankruptcy discharge is supposed to provide.

Not every luxury item will have a value sufficient to justify the dismissal of a case pursuant to 11 U.S.C. §707(b).  Meanwhile, certain kinds of assets may not normally be viewed as a luxury, but will acquire a luxury component by reason of their unusual character and cost.  For example, an unduly lavish homestead may present the same issue that is now in dispute.  Outside bankruptcy, debtors often make choices that will ultimately compromise the rights of their creditors.

---

[2] Subject to limitations not here relevant, section 522(b) of the Bankruptcy Code allows the various states to specify assets that a debtor may exempt from bankruptcy administration.

Bankruptcy will then provide an opportunity to pursue a new and responsible course. Instead, Mr. and Mrs. Boyle have presented a budget that merely perpetuates their prior mistake. In the context of their financial circumstances, this continuing mistake has significance for both debtors and creditors. Representing more than 20 percent of income, boating expenses comprise a pool of resources that the debtors could use to satisfy a meaningful portion of their outstanding debt. Although relief under Chapter 7 might not necessarily constitute a substantial abuse, it nonetheless represents an abuse sufficient to implicate the currently applicable provisions of section 707(b).

As indicated by their own income and expense schedules, James and Shirley Boyle have the ability to repay a substantial portion of their unsecured debt, if only they would discontinue a luxury expense. Under the present circumstances, bankruptcy relief would constitute an abuse of Chapter 7. Accordingly, the motion of the United States Trustee is granted. Unless the debtors voluntarily convert to chapter 11 or 13, this case will be dismissed as of the tenth day after the entry of this order.

So ordered.

Dated:     Buffalo, New York                    /s/   CARL L. BUCKI
           September 11, 2009                   Carl L. Bucki, U.S.B.J., W.D.N.Y.